1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney
2
3  MARTHA BOERSCH (CABN 126569)
   Chief, Criminal Division
4  JOSEPH TARTAKOVSKY (CABN 228223)
   Assistant United States Attorney
5
6     450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102-3495
7     Telephone: (415) 436-7320
      FAX: (415) 436-7234
8     Joseph.tartakovsky@usdoj.gov

9  Attorneys for United States of America

                UNITED STATES DISTRICT COURT
10
                NORTHERN DISTRICT OF CALIFORNIA
11
                   SAN FRANCISCO DIVISION
12

13 UNITED STATES OF AMERICA,            )   CASE NO. 3:24-CR-00599-CRB
                                        )
14         Plaintiff,                   )   [PROPOSED] DETENTION ORDER
                                        )
15      v.                              )
                                        )
16 JUAN CARLOS GODOY-MARTINEZ,          )
                                        )
17         Defendant.                   )
                                        )
18

19      On December 9, 2024, defendant JUAN CARLOS GODOY-MARTINEZ was charged by

20 Information with Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. § 841(a)(1) and

21 (b)(1)(C).  Doc. 6.

22      This matter came before the Court on January 10, 2025, for a detention hearing.  The defendant

23 was present and represented by Assistant Federal Public Defense Taylor Fatherree.  Assistant United

24 States Attorney Joseph Tartakovsky appeared for the government.  The government moved for

25 detention, and the defendant opposed.  At the hearing, counsel submitted proffers and arguments

26 regarding detention.

27      Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on

28 the record, incorporated herein by reference the Court finds by a preponderance of the evidence that no condition or combination of

[PROPOSED] DETENTION ORDER           1                              v. 11/01/2018
3:24-CR-00599-CRB

conditions will reasonably assure the appearance of the person as required.  Accordingly, the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1).  As noted on the record, the Court makes the following findings as the basis for its conclusion:  The defendant has used eight aliases in the past with law enforcement.  He has been arrested in two prior incidents, both in 2024, in San Francisco, California, on suspicion of drug trafficking offenses.  The defendant is currently unemployed and appears to have unstable employment. He has no family ties to the community.  But he has significant family ties outside of the country, specifically in Honduras, where his sister, wife, and minor children all live.  The defendant lacks legal status in the United States.

The defendant proposed a co-signer or custodian for a release bond, but based on the record and on the Court's *voir dire* of that proposed person, the Court finds that this individual is not an appropriate co-signer or custodian.  He is essentially a friend of the defendant, not related by marriage.  This person represented that he has been in a dating relationship with the defendant's sister for the last two years, but also that he has not seen that sister in person in the last two years, in part because she lives in Honduras. The proposed individual works on a freelance basis and claimed to have zero assets.  This person is also subject to immigration consequences for his presence in the United States.  The defendant was apparently living with this proposed co-signer or custodian at the time that the defendant is alleged to have engaged in drug trafficking conduct.  In sum, there in an insufficiently strong relationship and basis for moral suasion and this person would be unable to pay a bond should it have to be enforced.

This finding is made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel;

1 and

2     3.    On order of a court of the United States or on request of an attorney for the government,
3 the person in charge of the corrections facility in which the defendant is confined shall deliver the
4 defendant to an authorized United States Marshal for the purpose of any appearance in connection with a
5 court proceeding.

6     IT IS SO ORDERED.

8 DATED:   January 14, 2025

                                              HONORABLE PETER H. KANG
                                              United States Magistrate Judge